■  In the Matter of JOSEPH M. O'SHAUGHNESSY, Petitioner, v SAMUEL ROZZI, as Commissioner of the Nassau County Police Department, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Police Department of the County of Nassau, dated May 24, 1978, which, after a hearing, found petitioner guilty of violating certain rules and regulations of the Nassau County Police Department and fined him a total of 20 days' pay. Petition granted, determination annulled, on the law, without costs or disbursements, and the charges and specifications against petitioner are dismissed. The determination of the commissioner was supported by substantial evidence with respect to each of the charges and specifications brought against petitioner, However, the record of the hearing establishes that, under the facts and circumstances of this case, the disciplinary proceedings which culminated in that determination were barred by a Statute of Limitations provision contained in the applicable collective bargaining agreement. Accordingly, the determination must be annulled. The applicable collective bargaining agreement provides, in pertinent part: "There shall be a sixty (60) day statute of limitations for the Department to institute disciplinary actions * * * The institution of actions shall be considered the serving of charges and specifications. The sixty (60) day period shall begin running from the date the investigation of the violation is completed." At the hearing, Deputy Chief Inspector Henderson, the deputy commanding officer of the Internal Affairs Unit of the Nassau County Police Department, testified that the investigation which resulted in the instant charges against petitioner was commenced on March 28, 1977, and was conducted by two subordinates in his unit, who submitted a report containing their findings to him on June 27, 1977. The report was apparently in a sufficiently final form to be forwarded to the District Attorney for his review with regard to possible criminal violations by petitioner. No further investigation of the charges against petitioner was conducted by the internal affairs unit. Nor does the record reflect that any further investigation by the police department occurred subsequent to that completed by the internal affairs unit. On December 1, 1977 petitioner was served with the charges and specifications, which were ultimately sustained after a hearing. In our view, the testimony of Deputy Chief Inspector Henderson establishes that the date the investigation of the violations was completed was June 27, 1977. Since proceedings were not instituted against petitioner until December 1, 1977, they were time barred. Although the report of the internal affairs unit was thereafter referred to the District Attorney for his review concerning possible criminal violations, it is our view that any investigation by the District Attorney was not part of the "investigation of the violation[s]" by the "Department", within the meaning of the collective bargaining agreement. In this regard we note that there is nothing to prevent the police department from instituting disciplinary proceedings against an employee while the District Attorney determines whether criminal charges will be brought against him, based on the conduct which is the subject of

the disciplinary proceedings. Any subsequent difficulties for the employee that might be engendered by the simultaneous pursuit of both criminal and disciplinary charges against him are not the police department's concern. Finally, we reject the commissioner's contention that the "investigation" of petitioner was not completed until November 30, 1977, when he approved the charges and specifications that were served upon petitioner one day later. Such a construction of the contractual Statute of Limitations would defeat the primary purpose of such provisions, since it would permit charges to be brought after the commissioner has merely deferred action on them for an unlimited period of time without conducting any further investigation. In that period the charges may very well become stale and the employee unduly apprehensive about their status. We note, however, that where, unlike in the instant case, the commissioner directs that further information be gathered, beyond that already submitted to him by his subordinates, as a prerequisite to his approval of the charges and specifications, it would appear the "investigation of the violation" would not be "completed" until such information was gathered. Titone, J. P., Mangano, Margett and Martuscello, JJ., concur.